UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLENN DORSEY,

                Petitioner,

-vs-                                           Case No.  8:06-cv-2136-T-24TGW

SHERIFF JIM COATS, PINELLAS COUNTY
JAIL,

                Respondents.
_____

## **ORDER**

Glenn Dorsey petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dorsey, who was charged with aggravated assault in the Sixth Judicial Circuit Pinellas County, Florida, pled not guilty by reason of insanity on June 1, 2006.  He is incarcerated in the Pinellas County Jail awaiting transfer to a DCF facility.

Dorsey has not raised any 28 U.S.C. § 2254 claims that are properly before this Court.  Dorsey alleges that he agreed to plead but did understand the terms of the plea agreement which required that the state trial court have access to his medical records from the VA.  He claims that the medical records were falsified and improperly disclosed, and therefore, his plea was involuntary.

Dorsey has not exhausted his claims in state court related to an involuntary plea. He states that he currently has a habeas corpus petition pending in the state district court of appeal.

## EXHAUSTION REQUIREMENT

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also, Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Snowden v. Singletary, 135 F.3d at 735 ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)).

Exhaustion of state court remedies generally requires a petitioner to pursue discretionary appellate review. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process, including review by the state's court of last resort, even if review in that court is discretionary." Pruitt v. Jones, 348 F.3d 1355, 1358-59 (11th Cir. 2003)(citing O'Sullivan, 526 U.S. at 845). This is required even if the state Supreme Court rarely grants such petitions and usually answers only questions of broad significance. O'Sullivan, 526 U.S. at 845-46.

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." Smith v. Jones, 256 F.3d at 1138. "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson v. Campbell, 353 F.3d at 891(quoting Judd v. Haley, 250 F.3d at 1313). Dorsey has not met the standards to overcome the exhaustion procedural bar.

Accordingly, the Court orders:

That Dorsey's petition for writ of habeas corpus is denied, without prejudice. The Clerk is directed to enter judgment against Dorsey and to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ··· only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v.

McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 21, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Glenn Dorsey